WHITE AND WILLIAMS LLP
One Penn Plaza
Eighteenth Floor, Suite 1801
New York, New York 10119
(212) 244-9500
Attorneys for Defendants
Andrew I. Hamelsky (AH-6643)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

| | |
|---|---|
| ALLISON COOK, | : Civil Action No.: 9421 cv 07(VM)(DFE) |
| | : |
| Plaintiff, | : **ANSWER, AFFIRMATIVE** |
| | : **DEFENSES AND JURY DEMAND** |
| v. | : |
| | : |
| THE PROVIDENT LIFE AND CASUALTY | : |
| INSURANCE COMPANY and THE UNUM | : |
| GROUP, | : |
| | |
| Defendants. | |

------------------------------------X

    Defendant, The Provident Life and Casualty Insurance Company ("Provident") and the Unum Group ("Unum") ("defendants"), by and through their attorneys White and Williams LLP, hereby provide the following Answer to plaintiff's Complaint filed in the within action:

    1.    Defendants admit the allegation contained in the first paragraph of the Complaint.

    2.    Defendants admit the allegation contained in the second paragraph of the Complaint.

    3.    Defendants admit that Unum is a foreign corporation, incorporated in the State of Delaware.

    4.    Defendants deny the allegations contained in the fourth paragraph of the Complaint.

    5.    Defendant, Provident, admits that it issued to plaintiff Policy No. 06106486 which was issued on June 30, 1994, and became effective on July 10, 1994. By way of further answer,

-2-

defendants state that the policy is a written document which speaks for itself and not otherwise. To the extent that the allegations contained in Paragraph 5 of the Complaint represent a partial characterization of the terms and conditions of said policy, defendants deny such allegations, leaving plaintiff to her proofs thereon.

6. Defendants deny the allegations contained in the sixth paragraph of the Complaint.

7. Defendants deny the allegations contained in the seventh paragraph of the Complaint.

8. Defendants admit that plaintiffs made all premium payments.

9. Defendants deny the allegations contained in the ninth paragraph of the Complaint.

10. Defendants deny the allegations contained in the tenth paragraph of the Complaint.

11. Defendants deny the allegations contained in the eleventh paragraph of the Complaint.

12. Defendants deny the allegations contained in the twelfth paragraph of the Complaint.

13. Defendants deny the allegations contained in the thirteenth paragraph of the Complaint.

**WHEREFORE**, defendants demand judgment in their favor and against plaintiff, dismissing the complaint and awarding defendants costs, fees, expenses, attorneys' fees, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint and claims for relief are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint and claims for relief are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim and demand for damages are precluded and barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSES

Defendants have not breached any duty owed to plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants acted in accordance with all the contractual terms and conditions set forth in the policy issued to her by Provident.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not and was not totally disabled pursuant to the terms and conditions of the disability insurance policy issued to her by Provident.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff can perform the substantial and material duties of her occupation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any benefits pursuant to the Provident policy issued to her.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a determination that she is entitled to receive future long-term disability benefits.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no privity of contract with Unum and thus no cause of action against them.

## TWELFTH AFFIRMATIVE DEFENSE

The denial of plaintiff's claim under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and thus constitutes a complete defense to the within cause of action.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, defendants hereby demand a trial by jury as to all issues so triable.

Dated: October 29, 2007

Andrew I. Hamelsky (AH-6643)
WHITE AND WILLIAMS LLP
Attorneys for Defendants
One Penn Plaza, 18th Floor, Suite 1801
New York, New York 10119
(212) 244-9500

PHLDMS1 3711551v.2